**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW GRIGSBY, | |
| Plaintiff, | CIVIL ACTION NO. 1:16-CV-02388 |
| v. | (JONES, J.) |
| | (MEHALCHICK, M.J.) |
| DEFENSE LOGISTICS AGENCY, et al., | |
| Defendants. | |

**MEMORANDUM**

Before the Court is a complaint and motion to proceed *in forma pauperis*, filed by *pro se* Plaintiff, Andrew Grigsby on December 1, 2016. (Doc. 1; Doc. 2). In his complaint, Grisby brings claims of libel, freedom of speech, and defamation against the Defense Logistics Agency, and four individuals associated with the DLA – Corey New, Brad Eungard, Michael Geesaman, and Lamont Holloman. Grigsby alleges that "Libel caused/destroyed my reputation with employer, stopped countless job opportunities, bonuses, awards, promotions and relationships." (Doc. 1). Grigsby's motion to proceed *in forma pauperis* is granted. However, for the reasons set out below, the Court directs Grisby to file an amended complaint.

Under 28 U.S.C. § 1915, the Court is obligated, prior to service of process, to screen a civil complaint brought *in forma pauperis.* The Court must dismiss the complaint if it is frivolous or malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)]* and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

No matter how liberally construed, Grigsby's complaint is plainly insufficient to survive the 12(b)(6) standard. The entirety of Grigsby's statement of claim is "Libel caused/destroyed my reputation with employer, stopped countless job opportunities, bonuses, awards, promotions and relationships." (Doc. 1, at 4). Nowhere does Grigsby offer factual support, identify any actions by any Defendant, or even lay out the legal elements of his cause of action. His complaint plainly fails to state a claim upon which relief can be granted, in addition to

running afoul of the pleading standards set out in Rule 8(a) of the Federal Rules of Civil Procedure.

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). In civil rights cases, District Courts are to follow this instruction "even [if] the plaintiff [is] represented by experienced counsel [and] never sought leave to amend." *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (citing *Dist. Council 47 v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986)). As such, it is recommended that Plaintiff be given the opportunity to file an amended complaint that is complete in all respects.

Accordingly, Grigsby is ordered to file an amended complaint containing sufficient support to put the Defendants on notice of the factual assertions levied against each and the causes of action entitling Grigsby to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An appropriate Order will follow.

**Dated: February 10, 2017**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**